# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

-------------------------------------------------------------------------x

Kevin Woodruff,

        Plaintiff,

    -against-

Equifax Information Services, LLC,

       Defendant(s).

-------------------------------------------------------------------------x

**CASE No.:** 2:26-cv-11042

**DEMAND FOR JURY TRIAL**

## COMPLAINT

Plaintiff Kevin Woodruff ("Plaintiff"), by and through his attorneys, and as for his Complaint against Defendant Equifax Information Services, LLC ("Equifax") respectfully sets forth, complains, and alleges, upon information and belief, the following:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1681p *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

1

3. Plaintiff brings this action for damages arising from the Defendant's violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

## PARTIES

4. Plaintiff is a resident of the State of Michigan in the County of Oakland.

5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6. Equifax is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Equifax is a Georgia corporation registered to do business in the State of Michigan and may be served with process at c/o Corporation Service Company, 3410 Belle Chase Way, Suite 600, Lansing, MI 48911.

7. At all times material hereto, Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681a(f) to third parties.

8. At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

## FACTUAL ALLEGATIONS

9. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

<u>Equifax's Double Reporting Violation</u>

10. Upon information and belief, on a date better known to Defendant, Equifax prepared and issued credit reports concerning the Plaintiff that included inaccurate and misleading information relating to Plaintiff's account with Capital One Bank USA NA ("Capital One" or "Account").

11. On Plaintiff's Equifax Credit Report, dated February 20, 2026, it was reported that Plaintiff had a Capital One account, with an open date of May 1, 2014.

12. In the same report it is stated that the Plaintiff had a second Capital One account, with the identical open date of May 1, 2014.

13. Both Capital One accounts contained overlapping late payment notations.

14. The information published by Equifax is inaccurate since Plaintiff only opened one Capital One account on May 1, 2014, yet the credit report contains duplicate reporting of the same negative account.

15. The information published by Equifax is inaccurate since the Capital One account is being reported with derogatory notations in duplicate form on

Plaintiff's credit reports, making it appear that Plaintiff has more derogatory accounts on his report than he should.

16. Defendant listed Plaintiff's single Capital One account as two (2) separate accounts, both with overlapping late payment notations.

17. Equifax is required by law to implement processes and procedures which maximize possible accuracy of all reporting.

18. In addition to merely duplicating accounts on Plaintiff's credit report, Equifax's duplication of derogatory accounts has a serious impact to Plaintiff's perceived creditworthiness.

19. Equifax has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

20. Equifax failed to establish and implement reasonable procedures to ensure accurate reporting of Plaintiff's credit information.

21. Equifax violated 15 U.S. Code § 1681e(a)and(b) by failing to maintain and follow reasonable procedures to avoid reporting inaccurate information regarding the consumer Plaintiff.

22. Had Equifax maintained and followed reasonable procedures to assure maximum possible accuracy of the Plaintiff's information, it would have

been revealed to Equifax that the account in question was being reported in duplicate form.

23. Equifax is required to maintain maximum possible accuracy of consumer credit reports, and this error should have been picked up internally by Equifax.

24. Additionally, the publication of this information is materially misleading, as anyone who views this report would assume that the Plaintiff had two negative accounts.

25. Equifax published and disseminated such inaccurate information to other third parties, persons, entities and credit grantors, as evidenced by the inquiries on the Plaintiff's credit report in the form of hard and soft pulls.

26. As a result of Defendant's failure to comply with the FCRA, the Plaintiff suffered concrete harm in the form of loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

**FIRST CAUSE OF ACTION**
**(Willful Violation of the FCRA)**

5

27. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

28. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

29. Equifax violated 15 U.S.C. § 1681e(a) and (b) by failing to maintain or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Equifax maintained concerning the Plaintiff.

30. Equifax willfully and recklessly failed to comply with the Act. The failure of Equifax to comply with the Act includes but is not necessarily limited to the following:

   a) The failure to maintain reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information;

   d) The continual placement of inaccurate information into the credit report;

e) The failure to promptly delete information that was found to be inaccurate, or could not be verified; and

f) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

31. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

32. The conduct, action and inaction of Equifax was willful, rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681n.

33. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Kevin Moodruff, an individual, demands judgement in his favor against Equifax for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION

**(Negligent Violation of the FCRA)**

34. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

35. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

36. Equifax violated 15 U.S.C. § 1681e(a) and (b) by failing to maintain and follow reasonable procedures with which to verify the accuracy of the information in the credit file of the Plaintiff.

37. Equifax negligently failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

   a) The failure to maintain reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   c) The failure to correct erroneous personal information regarding the Plaintiff;

   d) The failure to remove and/or correct the inaccuracy and derogatory credit information;

8

e)  The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

f)  The continual placement of inaccurate information into the credit report of the Plaintiff;

g)  The failure to promptly delete information that was found to be inaccurate, or could not be verified; and

h)  The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

38. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

39. The conduct, action and inaction of Equifax was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

40. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Kevin Woodruff, an individual, demands judgement in his favor against Equifax for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681o.

## DEMAND FOR TRIAL BY JURY

41. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this Complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each violation as alleged herein;

b) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

c) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

d) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681o(a)(2):

e) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated:  March 30, 2026

Respectfully Submitted,

/s/Yaakov Saks
Yaakov Saks
Stein Saks, PLLC
1 University Plaza, Suite 620
Hackensack, NJ, 07601
201-282-6500
ysaks@steinsakslegal.com

11